## Emlen's Estate

405

410

412

*E. S. W. Farnum, Jr.*, p. p., exceptant.
*Edward S. Morris*, contra.

SINKLER, J., December 27, 1946.—The provisions of testatrix's will and the facts are fully set forth in the adjudication. The premises devised in trust for Ellen M. Farnum for and during the term of her natural life were sold pursuant to a decree of the Orphans' Court of Montgomery County, which directed that the purchase money be held in trust to pay the net income unto Ellen M. Farnum for life, "and at her death to pay over the principal to the Protestant Episcopal Church of the Diocese of Pennsylvania, to be used by it towards the establishment and maintenance of a Convalescent Home for Protestant white working

girls between the ages of twelve and twenty years, and to be known as 'Orthodox Cottage' ". The Diocese of Pennsylvania, finding it impracticable to administer the strict terms of this trust, requested that the principal be awarded to the Philadelphia Protestant Episcopal Mission, in trust to use the income for providing "convalescent care for Protestant white working girls between the ages of twelve and twenty years".

Edward S. W. Farnum, Jr., one of the remaindermen of the trust created by the residuary clause of the will, appeared p. p. at the audit and contended that the principal now accounted for should be awarded to the remaindermen of the residuary trust estate. The learned auditing judge did not sustain his contention and, under the doctrine of cy pres, awarded the principal to the Philadelphia Protestant Episcopal City Mission, a corporation, "in trust to use the income thereof for the obtaining and/or providing of convalescent care for Protestant, white working girls between the ages of twelve and twenty years, the fund to be known as the *'Emlen-Orthodox Cottage Fund'* ". This institution is a corporation of the first class of this State, and has corporate power to carry out the purpose of the trust.

Exceptions to the adjudication have been filed. After due consideration of the argument presented by exceptant, we are of the opinion that his exceptions should be dismissed. The adjudication contains a complete analysis and review of the decisions upon the subject of cy pres, and we are in accord with the conclusion of the auditing judge that the primary purpose of testatrix is accomplished by his award—the care of convalescent Protestant, white working girls between the ages of 12 and 20 years.

The exceptions are dismissed, and the adjudication is confirmed absolutely.